430 P.2d 429

**HOUSE OF SEAGRAM, INC., a Delaware corporation, Appellant,**

v.

**MARCO SUPERMARKETS, INC., an Arizona corporation, Appellee.**

**HOUSE OF SEAGRAM, INC., a Delaware corporation, Appellant,**

v.

**SUPER CITY DEPARTMENT STORES OF ARIZONA, INC., an Arizona corporation, Appellee.**

**No. 2 CA–CIV 351.**

Court of Appeals of Arizona.

June 15, 1967.

Rehearing Denied July 25, 1967.

Review Denied Sept. 26, 1967.

Boyle, Bilby, Thompson & Shoenhair, by Michael Lacagnina, Tucson, for appellant.

Russo, Cox & Dickerson, by Vernon F. Dickerson, and Charles J. Rondelli, Tucson, for appellee Marco Supermarkets.

Miller & Pitt, by Daniel J. Leonard, Tucson, for appellee Super City Department Stores.

MOLLOY, Judge.

The sole question presented in this appeal is whether Arizona's Fair Trade Practices Act, A.R.S. § 44–1421 et seq., is a violation of Article 14, Section 15, of the Constitution of the State of Arizona, A.R.S.

Article 14, Section 15, of the Constitution reads as follows:

"Monopolies and trusts shall never be allowed in this State and no incorporated company, co-partnership or association of persons in this State shall directly or indirectly combine or make *any contract,* with any incorporated company, foreign or domestic, through their stockholders or the trustees or assigns of such stockholders or with any co-partnership or association of persons,

or, in any manner whatever, *to fix the prices,* limit the production, or regulate the transportation *of any product or commodity.* The Legislature shall enact laws for the enforcement of this Section by adequate penalties, and in the case of incorporated companies, if necessary for that purpose, may, as a penalty declare a forfeiture of their franchises." (Emphasis added)

Appellees, defendants in a civil action seeking an injunction to enforce minimum prices for products of House of Seagram, Inc., contend that the subject Act violates the underlined portions of this constitutional provision. The price-maintaining contracts here concerned are of the "vertical"[1] type described in A.R.S. § 44-1422. The appellees contend our Supreme Court has never passed upon the question of whether such contracts are violative of the above-quoted prohibition against contracts to fix the prices of a commodity. We are unable to agree.

In General Electric Company v. Telco Supply, Inc., 84 Ariz. 132, 325 P.2d 394 (1958), the first contention considered by the Court was whether the subject Act was violative of Article 14, Section 15, of the Arizona Constitution. This section was quoted in its entirety in that opinion and the Court thereupon stated, in part:

"With this principle in mind [presumption of constitutionality] let us place the Fair Trade Act beside the above constitutional provisions and determine whether the act contravenes said constitutional provision."
84 Ariz. at 135, 325 P.2d at 396.

While the Court stated that it was "* * * concerned here only with monopolies" (84 Ariz. at 135, 325 P.2d at 396), the Court proceeded to consider the nature of the "monopolies" prohibited by

the subject constitutional provision and determined that this section of our Constitution was designed to prevent combinations which "* * * stifle or prohibit competition * * *" (84 Ariz. at 136, 325 P.2d at 396). It is very apparent from reading the opinion that the Court was considering the constitutional provision as a whole and that it did not consider the word "monopolies" standing alone to be something separate and apart from the prohibition against business associations entering into contracts "* * * to fix the prices * * * of any product or commodity." In holding the subject statute as being nonviolative of Article 14, Section 15, of our Constitution, the Court said, in part: "It is in no sense of the word a price fixing law." (84 Ariz. at 136, 325 P.2d at 396.)

The *General Electric* decision has been recently reaffirmed in Skaggs Drug Center, Inc. v. United States Time Corp., 101 Ariz. 392, 420 P.2d 177 (1966). In *Skaggs,* the Supreme Court said:

"As to the first issue we held that the Act is not a price fixing act and, therefore, is not in violation of the monopoly provisions of § 15 of Article 14 of the Arizona Constitution. We are not persuaded by the contentions of the defendant that the G-E decision was in error with respect to § 15 of Article 14 of the state constitution and, therefore, affirm our holding that the Act does not contravene the said section." 101 Ariz. at 396, 420 P.2d at 181.

The trial court having misconstrued these decisions of our Supreme Court, the judgment rendered below is reversed and the case remanded for further proceedings not inconsistent with the opinions cited herein.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

1. This term is used in the sense of a contract between those in the chain of control of a product, as between a manufacturer and a retailer as opposed to a "horizontal" price-fixing contract between a manufacturer and another manufacturer, or between a retailer and another retailer.